

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-17-2007

# Jackson v. Greenlee

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4727

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Jackson v. Greenlee" (2007). *2007 Decisions.* Paper 572.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/572

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-312                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4727
_____

SHELDON CRAIG JACKSON

v.

ELLEN T. GREENLEE, Defender; ROSEMARY, Ms., Assistant Defender

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 06-cv-04685)
District Judge:  Honorable John P. Fullam

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
July 26, 2007

Before:  MCKEE, FUENTES AND VANANTWERPEN, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed August 17, 2007)
_____

OPINION
_____

PER CURIAM

Sheldon Jackson appeals from the District Court's dismissal of his complaint as

frivolous.  Because we determine that the appeal is lacking in arguable legal merit, we

will dismiss it under 28 U.S.C. § 1915(e)(2)(B).

Jackson, an inmate at SCI Greene, filed a complaint in the District Court pursuant

to 42 U.S.C. § 1983 that named Defender Ellen Greenlee and an Assistant Defender identified by Jackson as Ms. Rosemary as defendants. Jackson alleges that Appellees, attorneys with the Defender Association of Philadelphia which represented him in criminal proceedings in state court, violated his due process rights by failing to make pretrial motions for his release pursuant to the speedy trial rules of Pennsylvania Rule of Criminal Procedure 600(e) and the United States Constitution. (Compl. at 4.) He seeks discharge from custody[1] and $15 million. (Id. at 4.)

This suit is the third in which Jackson has raised the same claim against the Appellees. The first action ended with the District Court's denial of leave to proceed in forma pauperis on November 9, 2004; his appeal to this court in that matter was dismissed as untimely filed. The second action was dismissed by the District Court's September 5, 2006 order as "merely an attempt to re-file an earlier action between the same parties." The present action was again dismissed with prejudice by the District Court as "merely an attempt to relitigate claims already raised in two earlier actions between the same parties (C.A. Nos. 04-4706 and 06-1919)." (Order, October 23, 2006.) (Id.) Jackson filed a timely notice of appeal and requested the appointment of counsel.

His appeal is clearly devoid of legal merit. A plaintiff cannot state a viable claim under § 1983 without alleging that the violation of federal rights of which he complains

---

[1] To the extent that Jackson desires release from custody, he cannot obtain it in a § 1983 action, but must instead seek a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

"was committed by a person acting under color of state law." See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005). Criminal defense attorneys such as those Jackson seeks to sue do not act under color of state law. See Polk County v. Dodson, 454 U.S. 312, 319-25 (1981)(function of defense lawyer is "essentially . . . private" and performed without "state office and authority," even though lawyer is licensed by government and even if he is employed by government as public defender).

"[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Id. at 325. Jackson will be unable to prevail on his § 1983 claim because he does not allege that the Appellees did anything other than act in the role of defense counsel, and cannot show action under color of state law.

Accordingly, we will dismiss Jackson's appeal pursuant § 1915(e)(2) and deny his request for appointed counsel.